## (May 12, 1966)

■ FRANK WILLIAMS, as Guardian ad Litem of CHRISTINE WILLIAMS, an Infant, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 43856.) — GIBSON, P. J. Appeal from an order of the Court of Claims which denied the State's motion to dismiss for insufficiency the claim of an infant born out of wedlock to a mother confined in a State hospital for the mentally ill; the claim alleging that the State negligently failed to provide adequate supervision for the mother and to protect her from attack and that such negligence resulted in the infant claimant's "being conceived, being born and being born out of wedlock to a mentally deficient mother"; whereby claimant has been damaged in that she "has been conceived and born, and born out of wedlock, with a mentally deficient mother; deprived of property rights; deprived of a normal childhood and home life; deprived of proper parental care, support and rearing; caused to bear the stigma of illegitimacy and has

otherwise been greatly injured ". A discussion of the problem appears at some length in the opinion of the Court of Claims. (46 Misc 2d 824.) We find no reasonable basis, consistent with public policy, for recognition of a cause of action predicated, first, upon a supposed obligation on the part of the State to a person to be conceived and, second, upon allegations of damage not susceptible of ascertainment. In essence, and regardless of the verbiage of the claim above quoted, the damages asserted rest upon the very fact of conception and would have to comprehend the infirmities inherent in claimant's situation as against the alternative of a void, if nonbirth and nonexistence may thus be expressed; and could not, without incursion into the metaphysical, be measured against the hypothesis of a child or imagined entity in some way identifiable with claimant but of normal and lawful parentage and possessed of normal or average advantages. Order reversed, on the law, and claim dismissed, without costs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.